IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  05-cv-00960-ZLW-BNB

MAUREEN MARTIN, an incapacitated person, by her parents and next friends, DAVID MARTIN and REBECCA MARTIN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

## ORDER

The matter before the Court is Defendant's Motion For Certification Of June 8, 2006 Ruling Under F.R.C.P. 54(b), Or For Certification Of Interlocutory Appeal Under 28 U.S.C. § 1292(b), And Certificate Of Compliance With With [sic] D.C. COLO. LCIVR 7.1(A) [sic].

On June 8, 2006, the Court issued an Order on the parties' cross-motions for partial summary judgment which disposed of Plaintiff's claim for declaratory relief by, among other things, construing Plaintiff's parents' American Family policy as not limited by the $200,000 aggregate cap set forth in former Colo. Rev. Stat. § 10-4-710(2)(b). Defendant now seeks to have that Order certified as a final judgment under Fed. R. Civ. P. 54(b), or, alternatively, for leave to file an interlocutory appeal, in order to obtain appellate review of the Court's determination that the policy is not limited by a $200,000 aggregate cap.

Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multi-claim case when "there is no just reason for delay."[1]  However, to be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved."[2]  Claims are not separable if

> the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal.[3]

The granting of a Rule 54(b) motion is left to the sound discretion of the trial court."[4]

Three claims remain in this case.  The first, Plaintiff's claim for breach of contract, alleges that Defendant[5] breached the insurance contract at issue by failing to provide enhanced PIP benefits as defined in Colo. Rev. Stat. § 10-4-710(2)(a)(II) and/or failing to pay benefits beyond an aggregate $200,000 limit, and by refusing to pay interest under Colo. Rev. Stat. § 10-4-708.  The second remaining claim, Plaintiff's

---

[1] Fed. R. Civ. P. 54(b).

[2] Okla. Tpk. Auth. v. Bruner, 259 F.3d 1236, 1243 (10th Cir. 2001).

[3] Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005) (quoting Lawyers Title Ins. Co. v. Dearborn Title Corp., 118 F.3d 1156, 1162 (7th Cir. 1997)).

[4] Curtiss-Wright Corp. v. General Elec. Corp., 446 U.S. 1, 8 (1980).

[5] American Family Mutual Insurance Company is the only Defendant remaining in this case as a result of the Court's June 8, 2006, Order.

claim for willful and wanton statutory bad faith, alleges that Defendant acted in bad faith because it was aware that the relevant policy was without a proper offer of PIP coverage and therefore was not subject to the $200,000 aggregate, yet made no effort to inform Plaintiff of the additional coverage to which she was entitled. The third remaining claim, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, alleges that Defendant breached the implied covenant by failing to provide Plaintiff with the enhanced coverage and interest owed to her when Defendant knew that such amounts were warranted under the law, and by compelling Plaintiff to ascertain that enhanced coverage was due to her and requiring her to institute litigation. Each one of these claims appears to hinge on whether Plaintiff's parents' American Family policy is limited by the $200,000 aggregate cap. Plaintiff characterizes the June 8 Order as "establishing elements of liability," with the jury now to "determine the damages."[6] Thus, the Court determines that the issue of whether the policy is subject to the $200,000 cap, which was resolved in the June 8, 2006, Order, is central to the remaining claims, and that Rule 54(b) certification of the Order therefore is not proper.

However, 28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory appeal if the court determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of

---

[6]Plaintiff's Response at 4.

the litigation . . . ."[7]  A "controlling" question of law is one that has "the potential for substantially accelerating disposition of the litigation."[8]  Here, if the Tenth Circuit determines that the policy is subject to a $200,000 cap, it appears that most if not all of the remaining issues in this case will be resolved.  The Court also determines that "there is substantial ground for difference of opinion" on the aggregate cap issue, and that an immediate appeal would materially advance the termination of this case, where a five day trial may be avoided.  Thus, the issue of whether the policy at issue is subject to a $200,000 aggregate cap falls within the scope of § 1292(b).  The Court further finds that there was an adequate basis for Defendant's delay in filing this motion. Accordingly, it is

ORDERED that Defendant's Motion For Certification Of June 8, 2006 Ruling Under F.R.C.P. 54(b), Or For Certification Of Interlocutory Appeal Under 28 U.S.C. § 1292(b), And Certificate Of Compliance With D.C.COLO.LCIVR 7.1(A) (Doc. No. 61) is granted in part.  It is

FURTHER ORDERED that the Court's June 8, 2006 Order is amended to include a certification pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal.  It is

---

[7] 28 U.S.C. § 1292(b).

[8] In re Grand Jury Proceedings, 767 F. Supp. 222, 225 (D. Colo. 1991).

FURTHER ORDERED that this case is stayed pending appeal.

DATED at Denver, Colorado, this __1__ day of March, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court