IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 05-cv-00960-ZLW-BNB

MAUREEN MARTIN, an incapacitated person, by her parents and next friends, DAVID MARTIN and REBECCA MARTIN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

## ORDER

    The matter before the Court is Plaintiff's Opposed Motion For Leave To Amend The Complaint. Although, in general, leave to amend pleadings shall be freely granted when justice so requires,[1] a party must show good cause to amend a pleading after the Scheduling Order deadline,[2] which in this case was September 1, 2005. Denial of leave to amend is appropriate when the moving party has no adequate explanation for his or her failure to file the motion prior to the Scheduling Order deadline.[3]

    Plaintiff argues that she should be allowed to amend her Complaint to add a request for exemplary damages based on (1) Defendant's allegedly willful and wanton refusal to pay her extended benefits after the Court ruled on summary judgment on

---

[1] Fed. R. Civ. P. 15(a).

[2] Fed. R. Civ. P. 16(b).

[3] See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993).

June 1, 2006,[4] that Defendant had a duty to do so, and (2) Defendant's allegedly willful and wanton refusal to pay such benefits to Plaintiff "over a period of years" even before the Court's June 1, 2006, Order.[5]  In the Court's estimation, the second basis swallows the first.  If Plaintiff believed that Defendant acted willfully and wantonly by refusing to pay benefits "over a period of years" prior to mid-2006, then Plaintiff was required to so plead in her original Complaint, filed in April 2005 in state court.  In fact, she did precisely that.[6]  She thereafter could have moved to amend her Complaint to request punitive damages based on that allegation prior to the Scheduling Order deadline.  She did not do so, and she fails to explain why.  There was no requirement that Plaintiff obtain any judicial imprimatur on her allegations before she could file a motion to amend.  Moreover, Defendant's allegedly continued willful and wanton refusal to pay extended benefits after the Court's June 1, 2006, Order does not constitute some sort of new conduct that started the clock ticking afresh.  Plaintiff had pleaded this alleged conduct more than a year before, and the Court disagrees with Plaintiff that any "significant [new] facts have occurred since the original pleading."[7]

Moreover, even if Colo. Rev. Stat. § 13-21-102(1.5)(a) applies in this diversity case, that statute provides only that a request for exemplary damages may not be pleaded until "after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a

---

[4]The Court ruled from the bench on June 1, 2006, and entered a written Order in conformity with the oral ruling on June 9, 2006.

[5]See Plaintiff's Reply brief at 2.

[6]See Complaint ¶ 78.

[7]Plaintiff's Reply brief at 3.  The Court notes that Plaintiff's citation to Fed. R. Civ. P. 15(d) is technically misplaced, as that rule applies to supplemental pleadings, not amended pleadings.

triable issue." Here, the parties' Fed. R. Civ. P. 26 initial disclosures were due July 7, 2005, pursuant to the Scheduling Order. Plaintiff had two months after that to move to amend her Complaint prior to the amendment deadline. If Colo. Rev. Stat. § 13-21-102(1.5)(a) applied, the Court would have determined on the motion to amend whether Plaintiff had presented prima facie evidence supporting a claim for exemplary damages.[8]  There was no requirement that the Court rule on any particular issue *before* Plaintiff could file such a motion. In any event, the Court's June 1, 2006, ruling did not in any way address whether Plaintiff had made a prima facie showing as to willful and wanton conduct. Accordingly, it is

ORDERED that Plaintiff's Opposed Motion For Leave To Amend The Complaint (Doc. No. 66) is denied.

DATED at Denver, Colorado, this   17   day of April, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[8] See e.g. Sheron v. Lutheran Medical Center, 18 P.3d 796, 801-802 (Colo. App. 2000); American Economy Insurance Company v. Schoolcraft, 2007 WL 160951 (D.C. Colo).