IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 05-cv-00960-ZLW-BNB

MAUREEN MARTIN, an incapacitated person, by her parents and next friends, DAVID MARTIN and REBECCA MARTIN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

---

ORDER

---

A continued Trial Preparation Conference was held in this case on May 24, 2007.  At that time, counsel and the Court discussed the parties' earlier conference with Magistrate Judge Boland concerning certain outstanding issues in this case, as set forth on the record.  At the conclusion of the May 24 hearing the Court took the matters discussed under advisement.  After reviewing the record and the issues at hand, the Court is confident that the evidentiary limitations and jury instructions suggested by Magistrate Judge Boland are workable and fair.  The Court also is convinced that it would be improper to allow evidence at trial concerning the Court's March 1, 2007, Order.  While the Court understands Defendant's position concerning the statement in that Order that there is "substantial ground for difference of opinion" on the $200,000 aggregate cap, there often is "substantial ground for difference of opinion" on a legal

ruling, and it would not be appropriate to qualify or temper an instruction of law that the jury is required to follow.

Accordingly, it is

ORDERED that the evidence presented at trial shall be limited as follows:

1. The parties may present no evidence concerning the propriety or impropriety of the Court's ruling dated June 1, 2006, that the policy is not subject to the $200,000 aggregate cap, or any related rulings, including the Court's March 1, 2007, Order.

2, Plaintiff may argue that it is bad faith not to pay unlimited PIP benefits, and Defendant may argue that it is not bad faith to pay unlimited PIP benefits.

3. Nothing ordered herein impacts the parties' appellate rights concerning the Court's June 1, 2006, ruling that the policy is not subject to a $200,000 aggregate cap.

It is

FURTHER ORDERED that the jury shall be instructed as follows:

1. The Court has ruled that the policy contains medical expense and wage loss coverage without time or amount limits and is not subject to a $200,000 aggregate cap.  This is the law of the case that you must follow.

2. The Court's Order that the policy is not subject to a $200,000 aggregate cap is not enforceable until judgment enters, which cannot happen until after the trial.

3. American Family has indicated that it will exercise its right to appeal to a higher court the ruling that the policy is not subject to a $200,000 aggregate cap.

4. American Family's right to appeal neither precludes nor supports a finding of bad faith.

It is

FURTHER ORDERED that counsel for both parties may assert any objections to this Order on the record on the first day of trial prior to jury selection.

DATED at Denver, Colorado, this  30   day of May, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court